IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| POLLIN PATENT LICENSING, LLC and AUTOSCRIBE CORPORATION,<br><br>                    Plaintiffs,<br><br>   v.<br><br>HSBC BANK USA, N.A.; HSBC FINANCE CORPORATION; and HSBC CARD SERVICES, INC.,<br><br>                    Defendants. | Case No. 1:11-cv-07691<br><br>Judge Kendall<br>Magistrate-Judge Kim |

**JOINT INITIAL STATUS REPORT**

Plaintiffs Pollin Patent Licensing, LLC and Autoscribe Corporation (collectively "Autoscribe") and Defendants HSBC Bank USA, N.A., HSBC Finance Corporation and HSBC Card Services, Inc. (collectively "HSBC") submit this Report pursuant to Rules 16(b) and 26(f), Fed.R.Civ.P., the Local Rules and Judge Kendall's pretrial procedures.

1. Attorneys of record:

    a. Autoscribe: Raymond P. Niro, Robert A. Vitale, Jr., Patrick F. Solon, Laura A. Kenneally and Gabriel I. Opatken of Niro, Haller & Niro. Messrs. Niro and Vitale are expected to try the case.

    b. HSBC: Michael J. Gaertner and Roger B. Cowie, Edwin R. DeYoung and Galyn D. Gafford of Locke Lord LLP. Mr. Gaertner is expected to try the case.

2. This Court has exclusive jurisdiction over the subject matter of this patent infringement case under 28 U.S.C. §§ 1331 and 1338(a).

3. Plaintiffs assert a claim for infringement of their U.S. Patent No. 7,117,171, which arises under the patent laws of the United States, Title 35 of the United States Code.

4. Defendants have denied the allegations in the Complaint and asserted Affirmative Defenses. No Counterclaim has been asserted.

5. All parties have been served.

6. The major legal issues in this patent case include claim construction and HSBC's defenses of invalidity, laches and equitable estoppel.

7. The major factual issues in this patent case include infringement, factual underpinnings for the determination of invalidity, laches, equitable estoppel, damages and willfulness.

8. The parties have agreed to informally exchange limited discovery to facilitate settlement discussions. No formal discovery has been exchanged to date. The parties propose that discovery proceed in accordance with the Local Patent Rules pursuant to the schedule and agreements set forth below.

9. Plaintiff has made a jury demand. Assuming a claim constructing ruling in January 2013, pursuant to the schedule set forth in the Local Patent Rules, the parties expect the case to be ready for trial in November 2013. The parties anticipate that the trial will take approximately five (5) court days to complete.

10. The parties do not unanimously consent to proceed before the Magistrate Judge for dispositive motions and trial.

11. The parties have initiated settlement discussions and expect to continue such discussions in earnest. It is still too early to predict the probability of settlement. At the appropriate time, the parties would be open to considering a settlement conference with the assistance of the Magistrate Judge.

12. Disclosures and Discovery Pursuant to Local Patent Rules. Attached as Exhibit A is the parties proposed schedule based upon the requirements of the Local Patent Rules. The

additional time provided by Fed.R.Civ.P. 6(d) shall not apply to the events/dates specified in Exhibit A. The parties reserve the right to agree to extensions for scheduled events that do not involve filings with the Court and will not affect scheduled events that require the Court's involvement.

13. Additional Discovery Plan.

a. The limitations of the Federal Rules of Civil Procedure shall govern depositions, interrogatories and all other discovery, including expert discovery, absent further agreement of the parties or leave of Court.

b. The parties' agreements with respect to electronic discovery are attached hereto as Exhibit B.

c. The parties agree that a Protective Order is needed in this case, and will submit a jointly proposed Protective Order, based upon the Model Protective Order set forth in the Local Patent Rules. The parties agree that until the Court enters a protective order, all documents produced pursuant to this Plan and in response to discovery requests shall be treated by the receiving party as Outside Attorneys' Eyes Only, shall be disclosed only to outside counsel of record for a party, shall be used solely for purposes of this litigation. No party shall withhold producing its documents based on confidentiality concerns (other than third-party obligations) or the fact that the protective order has not yet been entered.

d. Discovery is permitted with respect to claims of willful infringement and defenses of patent invalidity or unenforceability not pleaded by a party, where the evidence needed to support these claims or defenses is in whole or in part in the hands of another party.

14. Other Dates:

    a. Unless the Court orders otherwise, disclosures and responses shall be supplemented pursuant to Rule 26(e), Fed.R.Civ.P.

    b. (ii). The parties request a pretrial conference at the earliest date convenient for the Court after expert discovery and ruling on dispositive motions.

    c. The parties request until <u>April 13, 2012</u> to seek leave to amend pleadings or to join parties.

    d. Unless the Court orders otherwise, the final dates for submitting witness lists, designations of witnesses whose testimony will be presented by deposition and exhibit lists, as well as any objections thereto, shall be determined pursuant to Rule 26(a)(3), Fed.R.Civ.P.

15. Other Items:

    a. Fed. R. Civ. P. 26(b)(4) will govern discovery of communications with experts;

    b. Fed. R. Civ. P. 26(b)(4) will govern discovery of drafts of expert reports;

    c. In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art", "best mode", "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this provision is not satisfied by the respondent including a specific definition of the term in its response, and limiting the response to that definition.

    d. No party is required to include in the privilege log documents created after the filing of this case. A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's

privilege log.  The agreed Protective Order submitted to the Court for entry sets forth the parties' agreements regarding inadvertent production and/or unintentional production of materials or documents or information subject to attorney-client privilege, protection under the work product doctrine, or any other applicable privilege or immunity.

    e.  The parties have agreed that, to the extent possible in light of the volume of the submission, all court filings, to the extent not served through ECF (namely, filings under seal), will be served via e-mail on each of the other parties, and such service shall constitute proper service under Fed.R.Civ.P. 5(b)(2)(E).  Moreover, the parties agree that each party may serve discovery, in lieu of other service methods, by e-mail under Fed.R.Civ.P. 5(b)(2)(E).  Except for the due dates for events required by the Local Patent Rules listed in Paragraph 3 above, the additional time provided by Fed.R.Civ.P. 6(d) will apply to e-mail service.

              Respectfully submitted,

| s/ Robert A. Vitale, Jr. | /s/ Roger B. Cowie |
|---|---|
| Raymond P. Niro | *Signed with permission* |
| Robert A. Vitale, Jr. | Roger B. Cowie |
| Patrick F. Solon | Galyn D. Gafford |
| Laura A. Kenneally | Edwin R. DeYoung |
| Gabriel I. Opatken | LOCKE LORD LLP |
| NIRO, HALLER & NIRO | 2200 Ross Avenue, Suite 2200 |
| 181 W. Madison, Suite 4600 | Dallas, TX 75201 |
| Chicago, IL 60602 | (214) 740-8614 |
| (312) 236-0733 | rcowie@lockelord.com; |
| RNiro@nshn.com; Vitale@nshn.com; | ggafford@lockelord.com; |
| Solon@nshn.com; LKenneally@nshn.com; | edeyoung@lockelord.com |
| GOpatken@nshn.com | |
| | Michael J. Gaertner |
| *Attorneys for Plaintiffs* | LOCKE LORD LLP |
| | 111 South Wacker Drive |
| | Chicago, IL 60606 |
| | (312) 443-1722 |
| | mgaertner@lockelord.com |
| | |
| | *Attorneys for Defendants* |

# EXHIBIT A – SCHEDULE

| Event | Due Date |
|---|---|
| Initial Disclosures Due (LPR 2.1) and Fact Discovery Commences (LPR 1.3) | 2/14/2012 |
| Initial Infringement Contentions (LPR 2.2) | 2/28/2012 |
| Initial Noninfringement, Unenforceability and Invalidity Contentions (LPR 2.3) | 3/13/2012 |
| Initial Response to Invalidity Contentions (LPR 2.5) | 3/27/2012 |
| Final Infringement, Unenforceability and Invalidity Contentions (LPR 3.1) and final date to seek stay pending reexamination (LPR 3.5) | 7/24/2012 |
| Final Noninfringement, Enforceability and Validity Contentions (LPR 3.2) | 8/21/2012 |
| Discovery Concerning Opinions of Counsel (LPR 3.6) | 8/28/2012 |
| Exchange of Proposed Claim Terms to be Construed along with Proposed Constructions (LPR 4.1) | 9/4/2012 |
| Meet and confer to select no more than 10 terms to be presented to Court for construction (LPR 4.1b) | 9/13/2012 |
| Close of Fact Discovery (LPR 1.3) | 10/2/2012 |
| Opening Claim Construction Brief by party opposing infringement and Joint Appendix (LPR 4.2a) | 10/9/2012 |
| Responsive Claim Construction Brief by party claiming infringement (LPR 4.2c) | 11/6/2012 |
| Reply Claim Construction Brief by party opposing infringement (LPR 4.2c-d) | 11/20/2012 |
| Joint Claim Construction Chart and Status Report (LPR 4.2f) | 11/29/2012 |
| Claim Construction Hearing (LPR 4.3) | 12/18/2012 |
| Claim Construction Ruling (and reinstatement of fact discovery) | TBD |
| Close of Fact Discovery-Final (LPR 1.3) | 42 days after entry of claim construction ruling |
| Initial Expert Reports (LPR 5.1b) | 21 days after final close of fact discovery |

| Event | Due Date |
|---|---|
| Rebuttal Expert Reports (LPR 5.1c) | 35 days after initial expert reports |
| Depositions of Experts (LPR 5.2) | completed 35 days after exchange of rebuttal reports |
| Final Day for Filing Dispositive Motions (LPR 6.1) | 28 days after end of expert discovery |
| Case Ready for Trial | 20 weeks after filing dispositive motions |

**EXHIBIT B – ELECTRONIC DISCOVERY**

For purposes of the discovery of electronic files and data, the parties agree to be governed by the Federal Rules of Civil Procedure.

Each party shall make a reasonable and diligent effort to search for and produce all responsive, non-privileged Electronically Stored Information (ESI), including Active and Archived email systems, shared network drives and active remote devices such as laptops and portable drives/media. The parties further agree that they will not be required to produce less-accessible ESI such as Backup Tapes/Data, Legacy Systems/Data, Voice/IM/PDA Data, and other data compilations, other than on a showing of good cause. Voice mails need not be searched, accessed, or produced in response to any discovery request. ESI will ordinarily not be produced in native format. The parties, however, reserve the right to request the production of any particular ESI document in its native format, upon a showing by the requesting party that production in native format is necessary. The parties agree to meet and confer in an effort to accommodate such requests. If a resolution cannot be reached, court intervention may be sought.

All data, files, and communications that, in the ordinary course of business, are recorded in electronic media (including, but not limited to, electronic mail and attachments, word processing files, and spreadsheets) shall be produced in searchable single page TIFF format with corresponding load files, or in PDF format. While the parties reserve the right to request metadata, if necessary, metadata will ordinarily not be produced. To the extent other production formats are requested or deemed necessary, the parties will endeavor to reach agreement as needed. All data, files, and communications that, in the ordinary course of business, are recorded in other media (microfiche, paper, etc.), shall be produced as either image files (*e.g.*, PDF or TIFF) or as paper files. Electronic documents will be marked with appropriate production numbers and confidentiality designations. The media to be used in the production of

electronically stored information shall be hard drive (HDD), CD-ROM, DVD-ROM or, for insubstantial productions, email attachment.

If responsive deleted information still exists, and if restoration of it is needed, the costs of access and restoration shall be borne by the requesting party. If back-up and archival data exists, and if production of it is needed, the costs of access and production shall be borne by the requesting party.

In addition, the parties shall not be required to produce or to preserve multiple copies of the same document and are permitted to employ global de-duplication.

Finally, the parties will informally attempt to meet and confer with any non-party (or counsel, if represented) from whom any electronically stored information is requested, to discuss the issues of format, media, burdens, and costs.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 24, 2012 the foregoing

## JOINT INITIAL STATUS REPORT

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record.

Attorneys for Defendants

Michael J. Gaertner
mgaertner@lockelord.com
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606
(312) 443-1722 Telephone
(312) 896-6722 Facsimile

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

/s/     Robert A. Vitale, Jr.
Attorneys for Plaintiffs
NIRO, HALLER & NIRO